

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 7, 1974

The Honorable W. J. Estelle, Jr.
Director
Texas Department of Corrections
Huntsville, Texas 77340

Opinion No. H- 444

Re: Disposition of income
generated by agricultural
operations of Department
of Corrections.

Dear Mr. Estelle:

You have asked our opinion concerning the proper disposition
of prison revenues which accrue when "surplus agricultural products"
are authorized to be sold by the Texas Board of Corrections pursuant
to Article 6203c, Section 9(m) of the Prison-Made Goods Act of 1963.

You call our attention to two riders in the current appropriations
act, (Acts 1973, 63rd Leg., ch. 659, p. 1786). The first is specifically
attached to the appropriation for the Department of Corrections. It provides:

> It is the intention of the Legislature that the sums
> appropriated hereinabove shall constitute the maximum
> amounts required to operate the Department of Correc-
> tions . . . and that, except for the exchange of cotton-
> seed for cottonseed meal and cake and the exchange of
> cotton for textiles, any other <u>products or by-products</u>
> <u>of agriculture or livestock in excess of the quantities</u>
> <u>required for consumption, shall be sold, or disposed</u>
> <u>of through inter-agency contract, and the revenues</u>
> <u>accruing shall be deposited in the General Revenue</u>
> <u>Fund.</u> Notwithstanding any other provisions of this Act,
> none of the revenues so deposited are reappropriated
> except as they apply to the sales of equipment, salvage,
> refunds and to recovered damage claims. (Emphasis
> added) (Acts 1973, 63rd Leg., ch. 659, at p. 1949)

The other rider is found among the appropriation act's "General Provisions" and relates to revenues accruing to state agencies under the Surplus and Salvage Act of 1957, Article 666, V. T. C. S.

> SURPLUS PROPERTY. Receipts to any agency of the State Government specified in this Act which are received from the sale of surplus property, equipment, livestock, commodities, or salvage pursuant to the provisions of [the Surplus and Salvage Act of 1957], are hereby appropriated to such State agency for expenditure during the fiscal year in which such receipts are received. Receipts from such surplus and salvage sales are to be credited to the appropriation item from which like property, equipment, livestock, or commodities would be purchased. (Acts 1973, 63rd Leg., ch. 659, at p. 2209).

Your question is whether surplus agricultural revenues should be deposited in the General Revenue Fund, where they are unappropriated, or whether Article 666, § 4(e) requires that they be credited to the line-item which originally funded the surplus products. If the latter is the proper disposition you also ask whether surplus agricultural revenues are reappropriated in the current biennium by the Surplus Property rider, cited above.

In our opinion, the first rider as attached specifically to your Department's appropriation, controls over the Surplus Property rider. The Legislature has affirmatively expressed an intent to not appropriate revenues accruing from a disposition of surplus agricultural products by the Texas Department of Corrections. This intent is evidenced by the first sentence of the rider, providing that the funds appropriated above it are the maximum available, and by the final sentence stating that "[n]otwithstanding any other provision of this Act" the revenues arising from a sale of surplus agricultural and livestock products or by-products are not reappropriated "except as they apply to sales or equipment, salvage, refunds and to recovered damage claims." That your rider was intended to be an exception to the Surplus Property appropriation is also indicated by the phrase identifying its subject-matter as "products and by-products

of agriculture, and livestock . . . in excess of that quantity required for consumption . . ." which is substantially identical to the definition of "surplus" agricultural products given in § 6 of the Surplus and Salvage Act of 1957, Article 666, V. T. C. S.

In addition, your rider also attempts to restrict the sale of surplus agricultural products to interagency contracts, and to deposit all income from these sales in the General Revenue Fund.

Since your questions are principally concerned with revenues obtained when products are sold under Article 666, V. T. C. S., an interagency transaction, there is no need to consider the constitutionality of the rider's interagency contract limitation in any other context. However, we realize that Section 9(m) of the Prison Made Goods Act gives the Texas Board of Corrections the option of selling surplus agricultural products directly to the public, under appropriate regulations, or of proceeding by means of the Surplus and Salvage Act. The vehicle chosen to accomplish a sale does not affect the clearly expressed intention that revenues derived from this type of property are not re-appropriated.

If the Texas Board of Corrections chooses to dispose of the property under the Surplus and Salvage Act, as it is authorized to do, we believe that its Section 4(e), as a matter of general law, earmarks the revenue from a sale under that Act to the credit of the line-item of the disposing agency from which the property was originally funded, and dedicates the revenues to the agency for its future use, contingent upon a present or future appropriation of such funds by the Legislature. Consequently, to the extent your rider attempts to divert to the General Revenue Fund revenues which are earmarked for a special purpose by general law it cannot be given effect.  Johnson v. Ferguson, 55 S. W. 2d 153, 157 (Tex. Civ. App., Austin 1932, writ dism'd).

In the meantime, effect must be given to the clear import of the remaining portion of that rider which is that notwithstanding any other provision of the current Appropriation Act, including the Surplus Property rider mentioned above, no revenues derived from the sale of surplus agricultural products or livestock are reappropriated, "except as they apply to the sales of equipment, salvage, refunds and to recovered damage claims."

## SUMMARY

Sales of products of agriculture or livestock in
excess of that required by the Department for con-
sumption may be made under Article 666, V. T. C. S.,
the Surplus and Salvage Act of 1957.   Revenues
therefrom are earmarked for return to the appropriate
line-item, but are not reappropriated in the current
biennium, except for revenue from sales of equipment,
salvage, refunds and recovered damage claims.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK   First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg